UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRACY LOREN MONTGOMERY,<br><br>      Plaintiff,<br> v.<br><br>JACK WARNER, *et al.*,<br><br>      Defendants. | CASE NO. 2:24-cv-01998-BHS-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: **May 8, 2025** |

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Grady J. Leupold. This matter is on review after Plaintiff Tracy Loren Montgomery, proceeding *pro se* and *in forma pauperis*, failed to file an amended complaint by the required deadline. *See* Dkt. 9 (Screening Order); Dkt. 14 (Order Granting Extension). In light of Plaintiff's failure to file an amended complaint curing his pleading deficiencies and complying with the Court's Screening Order, the undersigned recommends this action be **DISMISSED** for failure to state a claim upon which relief may be granted and for failure to comply with a court order.

//

REPORT AND RECOMMENDATION - 1

# I. STANDARD OF REIVEW

Under the Prison Litigation Reform Act of 1996, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff must set forth specific, plausible facts to support their claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009). To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

# II. DISCUSSION

Plaintiff initiated this § 1983 action challenging the conditions of his confinement at Monroe Correctional Complex–Twin Rivers ("MCC"). Dkt. 8. In his Complaint, Plaintiff names MCC Superintendent Jack Warner and two fellow inmates as the Defendants in this suit. *Id.* at 3.

1   His claims are organized into two Counts: in Count I, Plaintiff alleges he was subject to a
2   retaliatory transfer between units at MCC and, in Count II, Plaintiff alleges he was denied
3   reasonable safety from threats by other MCC inmates. *Id*. at 7.
4         On January 15, 2025, the Court screened and declined to serve the Complaint under 28
5   U.S.C. § 1915A. Dkt. 9. In its Screening Order, the Court advised Plaintiff of five pleading
6   deficiencies that must be cured if he intended to proceed in this action. *Id.* at 3–6.
7         First, Plaintiff was advised that he failed to state a viable claim for relief against any
8   Defendant because Defendant Warner could not be held liable based solely on his supervisory
9   position at MCC and Plaintiff may not sue non-state actors—like other MCC inmates—under §
10  1983. *Id.* at 3–4. Second, Plaintiff was advised that he lacked standing to file § 1983 claims on
11  behalf of other individuals. *Id.* at 4. Third, Plaintiff was advised that the excessive and irrelevant
12  documents submitted with his Complaint were unnecessary and obscured the factual basis of his
13  claims, making his Complaint deficient under Rule 8 of the Federal Rules of Civil Procedure. *Id.*
14  at 4–5; *see also* Fed. R. Civ. P. 8(a)(2), (d) (pleadings must include "a short plain statement of
15  the claim showing the pleader is entitled to relief" and "[e]ach allegation must be simple,
16  concise, and direct"). Fourth, Plaintiff was advised that he may not challenge his state-court
17  conviction and sentence in this action and must instead raise any such challenges in a federal
18  habeas action filed pursuant to 28 U.S.C. § 2254. Dkt. 9 at 5–6. Finally, Plaintiff was advised
19  that he must include a request for relief in any amended pleadings as required by Rule 8(a)(3) of
20  the Federal Rules of Civil Procedure. *Id.* at 6.
21        After detailing each deficiency and providing instructions on how they may be cured, the
22  Court **ADVISED** Plaintiff that failure to file an amended complaint curing his deficiencies by the
23  required deadline **MAY** result in a recommendation this action be **DISMISSED**. *Id* at 6–7. On
24

REPORT AND RECOMMENDATION - 3

February 18, 2025, which was the same day his amended complaint was due, Plaintiff moved for an extension of time to prepare and file an amended pleading. Dkt. 11. The Court granted Plaintiff's request for an extension until **April 19, 2025**, and advised Plaintiff that failure to file an amended complaint complying with the Court's Screening Order by that date **MAY** result in a recommendation this action be **DISMISSED**. Dkt. 14.

The extended deadline for Plaintiff to file an amended complaint curing his pleading deficiencies and complying with the Court's Screening Order has now lapsed. Plaintiff has not filed an amended complaint, nor has he sought another extension of time to do so. *See docket.* Rather, the only filing received from Plaintiff after the Court granted his request for an extension of time to amend is another 55-pages of exhibits with dubious relevance to his claims. Dkts. 15, 15-1. Because Plaintiff has failed to file an amended complaint by the required deadline, this action should be dismissed for failure to state a claim and for failure to comply with a court order.

### III.     CONCLUSION

For the reasons set forth above, the undersigned recommends this action be **DISMISSED** for failure to state a claim and for failure to comply with a court order. Dismissal on the first of these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 8, 2025**, as noted in the caption.

Dated this 23rd day of April, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5