UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRACY LOREN MONTGOMERY,<br><br>    Plaintiff,<br>    v.<br><br>JACK WARNER, *et al.*,<br><br>    Defendants. | CASE NO. 2:24-cv-01998-BHS-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: **July 3, 2025** |

Plaintiff Tracy Loren Montgomery, proceeding *pro se* and *in forma pauperis*, filed this prisoner civil rights action under 42 U.S.C. § 1983. The Court previously screened and declined to serve Plaintiff's initial Complaint under 28 U.S.C. § 1915A but provided notice and an opportunity to cure his pleading deficiencies if he intended to proceed with this action. Dkt. 9.

Having reviewed and screened Plaintiff's Amended Complaint, the Court finds it is again deficient and that Plaintiff has failed to state a viable claim for relief. It is therefore recommended that this action be **DISMISSED** for failure to state a claim and for failure to cure his pleading deficiencies.

//

REPORT AND RECOMMENDATION - 1

# I. BACKGROUND

## A. Initial Complaint

Plaintiff initiated this § 1983 action challenging the conditions of his confinement at Monroe Correctional Complex–Twin Rivers ("MCC"). Dkt. 8. In his initial Complaint, Plaintiff named MCC Superintendent Jack Warner and two fellow inmates as the Defendants in this suit. *Id*. at 3. In Count I, Plaintiff alleged he was subject to a retaliatory transfer between units at MCC and, in Count II, Plaintiff alleged threats and denial of reasonable safety by other inmates. *Id*. at 7.

## B. Screening Order

On January 15, 2025, the Court screened and declined to serve the initial Complaint under 28 U.S.C. § 1915A. Dkt. 9. In its Screening Order, the Court advised Plaintiff of five pleading deficiencies that must be cured if he intended to proceed in this action:

1. ***Deficient Defendants***. Plaintiff was first advised that he failed to state a viable claim for relief against any Defendant because Defendant Warner could not be held liable based solely on his supervisory position at MCC and Plaintiff may not sue non-state actors—like other MCC inmates—under § 1983.

2. ***Lack of Standing***. Plaintiff was also advised that he lacked standing to file § 1983 claims on behalf of other injured parties.

3. ***Excessive and Irrelevant Documents***. Plaintiff was next advised that the excessive and irrelevant documents submitted with his Complaint were unnecessary and obscured the factual basis of his claims, making his Complaint deficient under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2), (d) (pleadings must include "a short plain statement of the claim showing the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct").

4. ***Improper Habeas Challenges***. Plaintiff was advised that he may not challenge his state-court conviction and sentence in this action and must instead raise any such challenges in a federal habeas action filed pursuant to 28 U.S.C. § 2254.

5. ***No Relief Requested***. Finally, Plaintiff was advised that he must include a request for relief in any amended pleadings as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure.

REPORT AND RECOMMENDATION - 2

Dkt. 9.

After detailing each deficiency and providing instructions on how they may be cured, the Court granted leave to amend and advised Plaintiff that failure to file an amended complaint curing his deficiencies by the required deadline may result in a recommendation this action be dismissed. *Id* at 6–7.

**C.     Request for Extension**

On February 18, 2025, which was the same day his amended complaint was due, Plaintiff moved for an extension of time to prepare and file an amended pleading. Dkt. 11. The Court granted Plaintiff's request for an extension until April 19, 2025, and again advised Plaintiff that failure to file an amended complaint complying with the Court's Screening Order may result in a recommendation of dismissal. Dkt. 14. Plaintiff did not file an amended complaint by the extended deadline. *See docket*.

**D.     Recommendation of Dismissal**

On April 23, 2025, the undersigned recommended this action be dismissed for failure to state a claim and for failure to comply with a court order. Dkt. 17. That same day, the Report and Recommendation was returned as undeliverable because Plaintiff was transferred from MCC to Washington State Penitentiary ("WSP"). Dkt. 16. The Report and Recommendation was then re-mailed to Plaintiff's new address at WSP, and Plaintiff filed his Amended Complaint two days later on April 25, 2025. Dkt. 18.

**E.     Re-referral for Screening of Amended Complaint**

On May 8, 2025, the District Court entered a Minute Order declining to address the Report and Recommendation, excusing Plaintiff's late filing in light of his transfer, and re-referring the case for screening of the Amended Complaint. Dkt. 19.

//

REPORT AND RECOMMENDATION - 3

### F. Amended Complaint

In his Amended Complaint, Plaintiff reasserts his § 1983 claims against Defendant Warner and DOC inmates and, for the first time, he names MCC Correctional Officer Kevin C. Browne as a Defendant in this suit. Dkt. 18 at 3.

Plaintiff's claims, which are difficult to decipher, are organized into three Counts, each ostensibly asserting a violation of the Eighth Amendment to the United States Constitution. *Id.* at 4–8. In Count I, Plaintiff alleges that Defendant Warner's negligent supervision of MCC staff makes him responsible for the wrongful acts of his "underlings." *Id.* In Count II, Plaintiff alleges that Defendant Browne has engaged in "forced trained excessive torture…from his use in the military & now in DOC." *Id.* at 6–7 (cleaned up). Plaintiff then details various wrongful acts allegedly carried out by Defendant Browne, including ignoring certain "[d]ocumented [r]eports" concerning a "personal relationship" with another inmate that entailed smuggling "meth" into the MCC for the inmate while allowing the inmate to "victimize" Plaintiff and other inmates through "racial[l]y & physically" violent behavior; and arranging for Plaintiff's transfer out of MCC to cover up the prior alleged acts. *Id.* In Count III, Plaintiff alleges that other DOC inmates have threatened him and his family, smuggled drugs into MCC, sexually abused other inmates, and engaged in other wrongful acts allegedly overlooked by correctional staff. *Id.* at 7–8. Plaintiff requests $600,000 in damages for his claims. *Id.* at 9.

## II.    SCREENING STANDARD

Under the Prison Litigation Reform Act of 1996, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune

from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading's deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, if the claims put forth in a complaint lack any arguable substance in law or fact, then the complaint must be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Additionally, once a *pro se* plaintiff has been given leave to amend and instructed on how to cure the pleading deficiencies, the Court may properly dismiss an action based on deficiencies that remain. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because pro se prisoner plaintiff "did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so") (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment) and *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.")).

//

REPORT AND RECOMMENDATION - 5

### III.     DICUSSION

Upon review of the Amended Complaint, the Court finds that Plaintiff has cured some of his prior pleading deficiencies, but several significant deficiencies remain. In addition, the Court finds that Plaintiff's new claim against Defendant Browne is deficient in a manner not likely to be cured through amendment. Each of these deficiencies, which are described below, prevents Plaintiff from stating a viable claim for relief in his Amended Complaint and warrants dismissal of this action.

**(1)** Plaintiff's claim against Defendant Warner remains deficient. As explained in the Court's Screening Order, to state a viable § 1983 claim:

> Plaintiff must allege facts showing how an individual defendant caused, or personally participated in causing, the harm alleged in the Complaint. *See Leer*, 844 F.2d at 633; *Arnold v. IBM*, 637 F.2d at 1355. The personal participation requirement means that supervisory personnel cannot be held liable for the acts of their subordinates under a theory of vicarious liability and, instead, are only liable for their own acts or failures to act. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).
>
> Plaintiff lists the MCC Superintendent as a Defendant but does not allege any facts demonstrating Defendant Warner's personal participation in violating Plaintiff's constitutional rights. Rather, Plaintiff contends that Defendant Warner is "responsible for all his underlings." Dkt. 3-1 at 5. It thus appears Plaintiff seeks to hold Defendant Warner liable by nature of his supervisory position at MCC. This, however, is not a viable theory of liability under § 1983. *Taylor*, 880 F.2d at 1045. Plaintiff should only name an individual as a defendant if he is able to allege facts showing how the individual personally participated in violating his constitutional rights.

Dkt. 9 at 3–4.

Despite receiving notice of this deficiency and instructions on how it may be cured, Plaintiff maintains his theory that the MCC Superintendent is responsible for the conduct of his "underlings" in his Amended Complaint and even states that Defendant Warner is sued in his "supervising capacity." Dkt. 18 at 4–5. As a result, Plaintiff has failed to state a viable claim against Defendant Warner in his Amended Complaint.

REPORT AND RECOMMENDATION - 6

**(2)** Plaintiff includes improper defendants in his Amended Complaint, namely other DOC inmates. Dkt. 18 at 3, 7–8. The Court previously notified Plaintiff that § 1983 only "provides a remedy for violations of constitutional rights caused by individuals acting under color of state law" and "[o]ther inmates, as private citizens, do not act under color of state law." Dkt. 9 at 4 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). The Court then instructed Plaintiff that, to cure this deficiency, he must limit the defendants named in any amended pleadings "to individuals who acted under state authority and were personally involved in violating his constitutional rights." *Id.* Plaintiff disregarded the Court's instructions and included improper defendants in his Amended Complaint.

**(3)** Next, Plaintiff complains of injuries on their behalf of others in his Amended Complaint. Dkt. 18 at 7–8. However, Plaintiff may not assert claims on behalf of other persons, and he lacks standing to personally recover for injuries allegedly suffered by others. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir.1997); *Cato v. United States*, 70 F.3d 1103, 1105 n. 1 (9th Cir.1995); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). *Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."); *Wasson v. Sonoma Cnty. Junior Coll.*, 203 F.3d 659, 663 (9th Cir. 2000) ("Parties ordinarily are not permitted to assert constitutional rights other than their own.").

As with the aforementioned deficiencies, the Court notified Plaintiff of this defect in his initial Complaint and instructed Plaintiff on how it may be cured. Dkt. 9 at 4 ("[I]n any amended pleading, Plaintiff must only assert claims based on his own injuries."). Nevertheless, this deficiency remains uncured in Plaintiff's Amended Complaint.

**(4)** Finally, Plaintiff's new allegations against Defendant Browne are difficult to decipher and do not support a viable claim for relief. Rather than providing a "short and plain

REPORT AND RECOMMENDATION - 7

statement of the claim" and sufficient factual allegations to state a plausible claim for relief as required by Rule 8 of the Federal Rules of Civil Procedure, Plaintiff outlines a series of wrongful—and potentially criminal—acts allegedly taken by Defendant Browne without clear statements of how each act allegedly resulted in constitutional harm to Plaintiff. *See* Dkt. 9 at 4–5 (advising Plaintiff of Rule 8's pleading requirements).

Moreover, these extraordinary allegations of bad behavior against Defendant Browne, absent a more robust factual showing, may be frivolous.[1] The PLRA's standard for frivolousness "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 327). Determining frivolousness is a matter of discretion, and a finding of factual frivolousness is appropriate where, as here, the "claims describ[e] fantastic or delusional scenarios" and where "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 32–33 (finding plaintiff's allegations of identical sexual abuse perpetrated by correctional officers and inmates made in separate legal actions could support dismissal for frivolousness regardless of whether they were refuted by judicially noticeable facts).

Thus, viewed together with the deficiencies that remain from his initial Complaint, the Court finds it unlikely that Plaintiff will be able to cure his deficient claim against Defendant

---

[1] Additionally, Plaintiff's other submissions to this Court—and his allegations in a separate action filed before the Eastern District of Washington—describe scenarios that similarly border on fantastic and delusional. Dkt. 20 (Written Objections to Report and Recommendation; claiming Plaintiff has been subject to retaliatory transfer, threats, and interference to court access as a part of long-standing institutional and/or personal vendettas against individuals incarcerated on sexual offenses); *Montgomery v. CUS Walkins, et al.*, Case No. 22-cv-5069-RMP, Dkt. 1 (E.D. Wash., voluntarily dismissed on Jan. 3, 2023) (alleging similar claims of corruption by correctional officers at Airway Heights Correctional Center that were allegedly overlooked due to institutional bias against sexual offenders).

REPORT AND RECOMMENDATION - 8

Browne in any amended pleadings. The potential frivolousness of Plaintiff's allegations against Defendant Browne further counsel in favor of dismissing this newly added claim without granting leave to amend. See *Lopez v. Smith*, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend").

### IV.   CONCLUSION

For the reasons set forth above, the undersigned recommends this action be **DISMISSED** for failure to state a claim and for failure to cure pleading deficiencies.[2]

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 3, 2025**, as noted in the caption.

Dated this 18th day of June, 2025.

Grady J. Leupold
United States Magistrate Judge

---

[2] Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).